IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES L. WINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-127 |
| | ) | |
| SHERIFF RICHARD ROUNDTREE; | ) | |
| SHERIFF DEPUTY ZACHARY | ) | |
| CUONZO-SIMMONS; SHERIFF DEPUTY | ) | |
| BRANDON KENNEDY; SHERIFF | ) | |
| CORPORAL RUSSELL SCHAFFER; | ) | |
| SHERIFF CORPORAL SANDERSON; | ) | |
| SHERRIFF DEPUTY LEWIS; SHERIFF | ) | |
| DEPUTY WADE; SHERIFF DEPUTY | ) | |
| WILLIAMS; and JOHN DOES 1-11, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently a pretrial detainee at the Joseph V. Conte Facility in Ft. Lauderdale, Florida, filed this case pursuant to 42 U.S.C. § 1983 regarding events taking place in Richmond County, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Richmond County Sheriff Richard Roundtree, (2) Sheriff Deputy Zachary Cuonzo-Simmons, (3) Sheriff Deputy Brandon Kennedy, (4) Sheriff

Corporal Sanderson, (5) Sheriff Deputy Lewis, (6) Sheriff Deputy Wade, (7) Sheriff Deputy Williams, (8) Sheriff Corporal Russell Schaffer, and (9) John Does 1-11. (Doc. no. 37-1, pp. 2, 3, 13-15.)

On December 30, 2020, Plaintiff caused a high-speed police chase that concluded with a car crash after Plaintiff drove over stop sticks laid out by Sheriff's deputies. (Id. at 18-19.) Defendants Cuonzo-Simmons, Sanderson, Williams, Lewis, Wade, Kennedy, Schaffer, and other unknown Defendants surrounded Plaintiff's car, pointing their guns at him. (Id. at 20) Defendants Cuonzo-Simmons, Wade, and Lewis aggressively slung Plaintiff out of his car and onto the ground where Defendant Williams used his taser to subdue and cuff him. (Id.)

While on the ground, Defendants repeatedly punched and tased Plaintiff, and one unidentified defendant held his knee to Plaintiff's neck. (Id. at 21.) One defendant tried to bend Plaintiff's thumb back to break it. (Id.) Defendant Kennedy continued to punch Plaintiff in the face until Defendant Schaffer told him to stop. (Id.) Plaintiff told Defendants he could not breathe, and they continued to assault him for three to four more minutes. (Id.) Plaintiff believes he was assaulted with more than one taser, but Defendant Schaffer's report only documented use of one taser. (Id.) Several defendants were not wearing body cameras. (Id.) At some point during the incident, an unknown defendant made a racist and gay slur. (Id. at 23.)

When placed in the patrol car, Plaintiff complained about shortness of breath for twenty minutes. (Id. at 22.) Defendant Lewis asked Defendant Schaffer and other unknown Defendants whether he should take Plaintiff to the emergency room instead of waiting for an ambulance. (Id.) After he was seen by doctors, Plaintiff was taken to the Charles B. Webster Detention Center. (Id. at 23.) Plaintiff requests compensatory and punitive damages. (Id. at 5.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

3

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff fails to State a Supervisory Liability Claim Against Defendant Roundtree

Supervisory defendants cannot be held liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of respondeat superior. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employers who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Plaintiff has failed to allege facts that Defendant Roundtree was present for, or participated in, a constitutional violation. Instead, Plaintiff appears to name Defendant Roundtree, the Sheriff of Richmond County, solely as the supervisor of the Richmond County Sheriff Deputies who he alleges used excessive force.

Plaintiff thus must allege a causal connection between Defendant Roundtree and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.

4

1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff has not alleged: (1) a history of widespread abuse in the Richmond County Sheriff's Department, (2) an improper custom or policy put in place by Defendant Roundtree, or (3) an inference Defendant directed any deputies to act, or knew they would act, unlawfully. Therefore, Plaintiff fails to state a claim upon which relief can be granted against them.

### 3. Plaintiff Inadequately Identifies John Does One through Eleven

Plaintiff alleges that John Does One through Eleven are all unknown sheriff deputies that were involved in the incident. (Doc. no. 37, pp. 15-16.) Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" Id. (quoting Dean v. Barber, 951 F.2d 1210,

5

1215-16 (11th Cir. 1992)).  In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id.

Plaintiff has provided insufficient information to identify these Defendants.  The Court knows nothing about the Defendants except they were Richmond County Sheriff's deputies on December 30, 2020, who were allegedly involved in the traffic stop and subsequent interactions. Plaintiff learned of these unknown defendants only after he was able to watch body camera footage, however, he does not even go so far as to provide a basic description of any of them. While the Court is allowing the excessive force claims to proceed against Defendants Cuonzo-Simmons, Kennedy, Schaffer, Sanderson, Lewis, Wade, and Williams, the Court must recommend dismissal of John Does One through Eleven.  Plaintiff may seek leave to amend and add these unknown deputies as defendants if he is able to identify them during the discovery period.

### 4. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing every Defendant in their individual and official capacities.  (Doc. no. 37, pp. 2-3, 13-15.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Roundtree and John Does One through Eleven, as well as all official capacity claims for money damages against all Defendants be **DISMISSED** for failure to state a claim upon which relief may be granted.  By separate Order, the Court directs service of process for Plaintiff's amended complaint on Defendants Cuonzo-Simmons, Kennedy, Schaffer,

Sanderson, Lewis, Wade, and Williams in their individual capacities based upon Plaintiff's allegations of excessive use of force.

SO REPORTED and RECOMMENDED this 17th day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA